**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| COREY SPAULDING and SARAH CATHERINE SPAULDING,<br><br>Plaintiffs,<br><br>v.<br><br>LEAH FOLEY, et al.,<br><br>Defendants. | No. 1:25-cv-13774-JEK |

**ORDER**

**KOBICK, J.**

*Pro se* plaintiffs Corey Spaulding and her daughter, Sarah Catherine "Liz" Spaulding, bring this action against various public entities and officials as well as private individuals for allegedly violating their rights under federal and state law.[1] Corey moves for leave to proceed *in forma pauperis*, and the plaintiffs move for appointment of counsel. For the reasons that follow, the Court will grant Corey's motion, deny without prejudice the plaintiffs' motion for appointment of counsel, and dismiss the complaint, which is subject to screening under 28 U.S.C. § 1915(e)(2)(B), with leave to amend.

**BACKGROUND**

The facts, as alleged in the complaint, are as follows. Corey "exposed an ongoing criminal conspiracy of municipal fraud and repeatedly reported fraud and retaliation" to the federal government. ECF 1, ¶ 1. Defendants City of Framingham and its City Council, Mayor, and School

[1] Consistent with the complaint, the Court uses the names "Corey" and "Liz" to refer to the plaintiffs individually, and the "plaintiffs" to refer to them together.

Committee participated in the conspiracy by "illegally exclud[ing] Liz from public school based on a residency investigation," denying her due process, and creating "a hostile and harassing environment" that led to the loss of her "federal right to a free appropriate public education" and Corey's property. *Id.* ¶ 2. Those "elected officials" gave "bogus permits" to the plaintiffs' next-door neighbors in Framingham, who were harassing Corey based on her disability and "falsely claimed" to own the disputed property with overgrown vegetation. *Id.* ¶¶ 2, 5, 8, 19. The officials also engaged in "malicious prosecution" in 2017 by suing her in "Housing Court to enforce a violation of overgrown vegetation" in an attempt "to discredit [her] as a whistleblower." *Id.* ¶¶ 7, 20. The Framingham Police refused to arrest someone who broke into the plaintiffs' house in April 2018. *Id.* ¶ 9. The City Council allowed defendant Gil Mendes—with help from his attorney, defendant Arnold Cohen—to purchase the plaintiff's house in Framingham in April 2025. *Id.* ¶ 18. That purchase followed the foreclosure of their home in April or May 2024 by defendant "Mr. Cooper," who failed to "offe[r] a loan modification plan." *Id.* ¶ 16. The plaintiffs were later evicted in July 2025. *Id.* ¶ 22.

The plaintiffs requested that other public officials investigate the alleged conspiracy, to no avail. For example, Leah Foley, the United States Attorney for the District of Massachusetts and a defendant here, refused to investigate. *Id.* ¶ 23. So did defendant Middlesex District Attorney Marian Ryan, who also decided to prosecute Corey. *Id.* ¶ 3. Defendant Federal Bureau of Investigation Special Agent in Charge Jodi Cohen filed complaints against Corey for abuse and neglect for not allowing Liz to obtain a GED. *Id.* ¶¶ 12-13. And defendant Massachusetts Department of Elementary and Secondary Education failed to examine reports of bullying from 2013 through 2015. *Id.* ¶ 4.

The plaintiffs were not able to obtain judicial relief from David J. Barron, the Chief Judge of the U.S. Court of Appeals for the First Circuit, or Kimberly Budd, the Chief Justice of the Massachusetts Supreme Judicial Court, both defendants here. *Id.* ¶¶ 14, 17. As a result, the plaintiffs "have been unable to retain ethical legal counsel," cannot "file a complaint against a judge or attorney in" the Commonwealth, and found it "unsafe . . . to enter into a Mass[achusetts] courthouse." *Id.* ¶¶ 15, 20.

Invoking the Court's federal question jurisdiction under 28 U.S.C. § 1331, the plaintiffs initiated this lawsuit in December 2025. ECF 1, at 2. The complaint claims, pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), that the ten named defendants violated their civil rights and their due process rights under the Fourteenth Amendment. ECF 1, at 2. With the complaint, Corey filed a motion for leave to proceed *in forma pauperis*. ECF 2. Upon review, the Court concludes that she is without assets to pay the filing fee and will grant her motion.

## DISCUSSION

When, as here, a plaintiff proceeds without legal representation, the Court must construe the complaint liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Even so, the Court must dismiss an *in forma pauperis* complaint if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. The Court must construe the well-pleaded facts "in the light most favorable to the plaintiff[s]." *Cortés-Ramos v. Martin-Morales*, 956 F.3d 36, 41 (1st Cir. 2020) (quotation marks omitted).

To state a claim for civil rights conspiracy, the plaintiffs "must plausibly allege facts indicating an agreement among the conspirators to deprive [them] of [their] civil rights." *Parker v. Landry*, 935 F.3d 9, 18 (1st Cir. 2019) (42 U.S.C. § 1985(3)); *see Alston v. Int'l Ass'n of Firefighters, Loc. 950*, 998 F.3d 11, 33 (1st Cir. 2021) (similar and considering "section 1983 and section 1985 claims together"). Absent direct evidence of that agreement, they "must plead plausible factual allegations sufficient to support a reasonable inference that such an agreement was made." *Parker*, 935 F.3d at 18. "Vague and conclusory allegations about persons working together, with scant specifics as to the nature of their joint effort or the formation of their agreement," are insufficient. *Alston v. Spiegel*, 988 F.3d 564, 578 (1st Cir. 2021) (section 1985).

Here, the plaintiffs do not plausibly allege that the defendants are liable for engaging in a civil rights conspiracy. Despite alleging an "ongoing criminal conspiracy" among the defendants, the complaint makes no factual allegations to support the plausible inference that these private individuals, public entities, and government officials made an agreement to deprive the plaintiffs of their civil rights. ECF 1, ¶ 1, and 9. The complaint fails to "elaborate or substantiate [its] bald claims that [those] defendants conspired with one another" and thus "cannot plausibly be read to suggest that [they] were acting in concert." *Spiegel*, 988 F.3d at 578 (citation modified). It also lacks sufficient non-conclusory factual allegations that any defendant individually violated the plaintiffs' civil rights. *See Spaulding v. Town of Natick*, No. 23-cv-10017-LTS, 2023 WL 11970695, at *1, 3 (D. Mass. Jan. 11, 2023) (dismissing their complaint with leave to amend where

they asserted, without supporting allegations, section 1983 claims of "obstruction of justice, loss of property, denial of FAPE, conspiracy to deny civil right[s]" (quotation marks omitted)).

Nor do the plaintiffs state a *Bivens* claim. "The *Bivens* doctrine allows constitutional claims against federal officials, in their individual capacities, for actions taken under color of federal law." *McCloskey v. Mueller*, 446 F.3d 262, 271 (1st Cir. 2006) (emphasis omitted). The complaint is devoid of factual allegations to support the plausible inference that the federal defendants—the U.S. Attorney and Chief Judge of the First Circuit—violated the plaintiffs' constitutional rights. *See DeMayo v. Nugent*, 517 F.3d 11, 14 (1st Cir. 2008) ("A claimant who seeks relief under Bivens must prove the violation of a constitutional right by a federal agent acting under color of federal law."). Absent such allegations, the plaintiffs fail to state a claim under *Bivens*. *See Spaulding v. Bondi*, No. 25-cv-12069-AK, 2025 WL 2176156, at *3 (D. Mass. July 31, 2025) (dismissing the plaintiffs' *Bivens* claim).

**CONCLUSIONS AND ORDERS**

For the foregoing reasons, the motion for leave to proceed *in forma pauperis*, ECF 2, is GRANTED. The complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B) with leave to amend. To proceed with this action, the plaintiffs must file an amended complaint by October 2, 2026 that provides sufficient factual detail to assert a viable section 1983 or *Bivens* claim. Failure to do so may result in dismissal of the case. And the motion for appointment of counsel, ECF 3, is DENIED without prejudice to renewal if, after reviewing the amended complaint, the Court orders that summonses be issued.

SO ORDERED.

/s/ Julia E. Kobick
JULIA E. KOBICK
UNITED STATES DISTRICT JUDGE

Dated: September 11, 2026